UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PHILIP W. DeVINNEY,

                                Plaintiff,

      v.
                                                  9:24-CV-0572
                                                  (AMN/DJS)

J. JENKINS, et al.,

                                Defendants.
_____

APPEARANCES:

PHILIP W. DeVINNEY
Plaintiff, pro se
1004662
Tioga County Jail
103 Corporate Drive
Owego, NY 13827

ANNE M. NARDACCI
United States District Judge

### DECISION and ORDER

**I.    INTRODUCTION**

Plaintiff Philip W. DeVinney commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application"). By Decision and Order entered on June 18, 2024, plaintiff's IFP Application was granted, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed the pleading without prejudice for failure to state a claim upon

1

which relief may be granted. Dkt. No. 7 ("June 2024 Order"). In light of plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint. *Id*. at 17-18.

Presently before the Court is plaintiff's amended complaint. Dkt. No. 11 ("Am. Compl.").

## II.     SUFFICIENCY OF THE AMENDED COMPLAINT

### A.     The Complaint and June 2024 Order

In his original complaint, plaintiff asserted Section 1983 claims based on allegations that he had been (1) deprived of adequate law library, mail, and copying services by officials at Tioga County Jail, (2) placed in danger by Corrections Officer Russell through comments made to another incarcerated individual about plaintiff, and (3) placed in danger by Nurse Jenkins, who provided him with the wrong medication. Compl. at 5-8. The complaint was construed to assert the following Section 1983 claims: (1) First Amendment access-to-courts claims against Tioga County Jail; (2) a Fourteenth Amendment failure-to-protect claim against defendant Russell; and (3) a Fourteenth Amendment medical indifference claim against defendant Jenkins. *See* June 2024 Order at 5-6.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's Section 1983 claims without prejudice for failure to state a claim upon which relief may be granted. *See* June 2024 Order at 6-19.

### B.     Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed

2

at length in the June 2024 Order and it will not be restated in this Decision and Order.  *See* June 2024 Order at 2-4.

As with the original complaint, plaintiff's amended complaint asserts Section 1983 claims based on law library and mail issues, statements made by defendant Russell to another incarcerated individual about plaintiff, and defendant Jenkins delivering plaintiff the wrong medication.  *See generally*, Am. Compl.  Plaintiff's amended complaint is materially similar to his original complaint, except that the pleading provides additional details, albeit limited, in support of his Section 1983 claims.  *Id*.  Plaintiff also attached to his amended complaint a notarized statement from another incarcerated individual regarding certain actions taken by defendant Russell, and a two-page medical record.  *Id.* at 4, 6-7.  The following facts are set forth as alleged in the amended complaint.

### 1. Law Library Services and Mail Issues

Plaintiff has been incarcerated at Tioga County Jail since January 18, 2022.  Am. Compl. at 1.  Since that time, plaintiff has been "allotted" a total of six law library hours per week, and his time in the law library is shared with "12 to 15 [other] inmates."  *Id*. at 2.  "There is no printer connected to the Nexis machine[,]" which is the "only source for legal research."  *Id*.  Copies of documents "must be obtained by filing a request form, which may or may not be entertained."  *Id*.  The Jail also charges incarcerated individuals a high price for sending legal mail, and handles legal mail "in a manner that violates the lawyer/client priviledge [sic]."  *Id*.

### 2. Communications Involving Defendant Russell

On "numerous" occasions in or around March 2024, defendant Corrections Officer Russell "put [plaintiff] in harms way by telling Inmate Allan Holmes that [plaintiff] told officers

3

that [Mr. Holmes] had drugs in his cell[,]" which he was "distributing . . . throughout the jail." Am. Compl. at 1, 3.

### 3. Medical Concerns

Plaintiff has "a serious heart condition, with only 35% of it functioning." Am. Compl. at 5. Plaintiff "currently receiv[es] 10 different medications for [his] condition." *Id*. In or around September 2023, defendant Nurse Jenkins placed plaintiff's life "in grave danger" by delivering him a sleep medication that was prescribed to a different inmate. *Id*. at 1, 5. Plaintiff was also "transported to a medical appointment that had been cancelled[,]" which "put [him] in danger with [unnecessary] travel" and caused him "mental anguish[.]" *Id*.

### 4. Plaintiff's Claims

Liberally construed, the allegations in the amended complaint re-assert the following Section 1983 claims: (1) First Amendment access-to-courts claims against Tioga County Jail; (2) a Fourteenth Amendment failure-to-protect claim against defendant Russell; and (3) a Fourteenth Amendment medical indifference claim against defendant Jenkins.[1]

Plaintiff seeks money damages. Am. Compl. at 5. For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

---

[1] As with the original complaint, the amended complaint lacks allegations which plausibly suggest that (1) defendant Jenkins was responsible for plaintiff's unnecessary travel to an outside medical facility for an appointment that was cancelled, (2) plaintiff suffered any sort of injury of a constitutional magnitude as a result of this inconvenience, or (3) the incident was anything other than a mistake or miscommunication. Accordingly, and for the reasons stated in the June 2024 Order, the Court does not construe the amended complaint to assert a cognizable Section 1983 claim against defendant Jenkins (or any other official) based on plaintiff's travel for a cancelled medical appointment. *See* June 2024 Order at 6 n.3. Similarly, the amended complaint does not include any details regarding how Tioga County officials have handled legal mail "in a manner that violates the lawyer/client priviledge [sic][,]" let alone details which plausibly suggest that (1) the handling arises out of a Tioga County policy or practice and/or (2) plaintiff has personally suffered harm as a result of the misconduct. Thus, the Court also does not construe the amended complaint to assert a cognizable Section 1983 claim against Tioga County based on allegations of unidentified officials mishandling legal mail.

### C. Analysis

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

#### 1. Access-to-Courts Claims

The legal standard governing an access-to-courts claim was discussed at length in the June 2024 Order and will not be restated herein. *See* June 2024 Order at 7-12. The Court will simply note that it is well-settled that prison authorities have an obligation to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). The right of access to the courts is also implicated when a prisoner experiences interference with his mail. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); *see also Pollack v. Holanchock*, No. 10-CV-2402, 2012 WL 1646893, at *4 (S.D.N.Y. May 10, 2012) ("With regard to legal supplies, '[i]t is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents ... and with stamps to mail them.'" (quoting *Bounds*, 430 U.S. at 824-25)). To state a claim for denial of access to

the courts, a plaintiff must assert non-conclusory allegations demonstrating that (1) the defendant acted deliberately, and (2) the plaintiff suffered an actual injury.  *See* June 2024 Order at 7 (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)).  In evaluating an access-to-courts claim, it is also important for courts to be mindful that the right of access to the courts must be balanced against the State's legitimate interests, including budgetary concerns.  *See Bounds*, 430 U.S. at 824-25; *Lewis*, 518 U.S. 343 (establishing limits on the right of access to the courts as enunciated in Bounds); *Allah v. Batista*, No. 97-CV-1332 (RSP/GJD), 1998 WL 59450, at *2 (N.D.N.Y. Feb. 9, 1998).

As an initial matter, insofar as plaintiff has intended, through his allegations, to raise access-to-courts claims on behalf of other incarcerated inmates in addition to himself, "a class action cannot be maintained by a pro se litigant because non-attorneys may not represent anyone other than themselves." *Miller v. Zerillo*, No. 07-CV-1719, 2007 WL 4898361, at *1 (E.D.N.Y. Nov. 2, 2007); 28 U.S.C. § 1654.  Furthermore, plaintiff has not filed a motion seeking certification of a class, let alone a proper motion demonstrating that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied.  Accordingly, this action shall be considered only as an action brought by plaintiff in his individual capacity.

Insofar as plaintiff seeks to challenge law library, copying, and mailing restrictions that he has personally experienced, the allegations in the amended complaint fail to explain how plaintiff has suffered any harm as a result of these restrictions.  Plaintiff does not, for example, allege that these restrictions have prevented him from filing a legal claim, prosecuting an existing action, or communicating with an attorney.  In other words, while the allegations in the amended complaint suggest that plaintiff has suffered inconveniences as a

result of certain Tioga County Jail restrictions and requirements related to law library access, postage, and copying services, the Court has no basis to plausibly infer that these inconveniences amount to a violation of plaintiff's constitutional rights.

Accordingly, and for the reasons set forth in the June 2024 Order, plaintiff's access-to-courts claim against Tioga County is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Failure-to-Protect Claim

The legal standard governing a failure-to-protect claim was discussed at length in the June 2024 Order and will not be restated herein. *See* June 2024 Order at 12-14.

As with the original complaint, the amended complaint alleges that defendant Russell communicated with another incarcerated individual about plaintiff in a way that placed plaintiff at risk of harm. However, the amended complaint differs from the original complaint in two important respects. First, the amended complaint alleges that defendant Russell communicated with Inmate Holmes about plaintiff on "numerous" occasions in or around March 2024, whereas the original complaint identified only one such communication. *Compare* Compl. *with* Am. Compl. Second, the amended complaint alleges that these communications involved defendant Russell telling "Holmes that [plaintiff] told officers that [Mr. Holmes] had drugs in his cell[,]" which he was "distributing . . . throughout the jail[,]" which goes beyond the allegation in the original complaint that on one occasion, defendant Russell informed Holmes that plaintiff and Inmate Katz accused Holmes of providing drugs to Katz. *Compare* Compl. *with* Am. Compl.

In light of these new allegations, and mindful of the Second Circuit's directive that a pro se plaintiff's pleadings must be liberally construed, *see Sealed Plaintiff v. Sealed*

*Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's failure-to-protect claim survives sua sponte review and requires a response.  In so ruling, the Court expresses no opinion as to whether this claim can withstand a properly filed dispositive motion.

### 3. Medical Indifference Claim

The legal standard governing a medical indifference claim was discussed at length in the June 2024 Order and will not be restated herein.  *See* June 2024 Order at 12-14.

As with the original complaint, the amended complaint alleges that Nurse Jenkins provided plaintiff with the wrong medication, which placed him at risk of harm, without any supporting allegations which plausibly suggest that this official's actions were anything other than a mistake.  Plaintiff does not, for example, allege that Nurse Jenkins had any prior negative exchanges with plaintiff before providing him with the wrong medication, or interfered with plaintiff's ability to seek (or obtain) medical treatment after the incident occurred.

Furthermore, the Court has no basis to plausibly infer, simply by virtue of plaintiff's allegation that he suffers from a heart condition, that providing him with the wrong medication on one occasion placed him at a substantial risk of serious harm.  Indeed, as with the original complaint, the amended complaint is devoid of any allegations which plausibly suggest that plaintiff suffered any side effects as a result of consuming sleep medication on one occasion.

Accordingly, and for the reasons stated in the June 2024 Order, plaintiff's medical indifference claim against defendant Jenkins is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### III.     CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Fourteenth Amendment failure-to-protect claim against defendant Russell **SURVIVES sua sponte review** and requires a response; and it is further

**ORDERED** that all remaining Section 1983 claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, as set forth above; and it is further

**ORDERED** that the Clerk shall **TERMINATE** Tioga County and Nurse Jenkins from this action; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with a copy of the amended complaint, to the United States Marshal for service upon defendant Russell. The Clerk shall also forward a copy of the summons and amended complaint by mail to the Tioga County Attorney's Office, together with a copy of this Decision and Order; and it is further

**ORDERED** that upon the completion of service, a response to plaintiff's amended complaint be filed by defendant Russell, or his counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will

be decided on submitted papers, without oral argument, unless otherwise ordered by this Court. Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: October 7, 2024
       Albany, NY

_____
Anne M. Nardacci
U.S. District Judge