UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

PHILIP W. DEVINNEY,

                Plaintiff,

   -against-                                        9:24-cv-572 (AMN/DJS)

DALTON RUSSELL,

                Defendant.

---

**APPEARANCES:**                                        **OF COUNSEL:**

**PHILIP W. DEVINNEY**
1004662
Delaware County Correctional Facility
280 Phoebe Lane
Suite 6
Delhi, NY 13753
*Plaintiff, pro se*

**THE LONG LAW FIRM, PLLC**                        **JAMES A. LONG, ESQ.**
120 E. Washington Street – Suite 928
Syracuse, NY 13202
*Attorney for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

**I.    INTRODUCTION**

On April 29, 2024, plaintiff *pro se* Philip W. DeVinney ("Plaintiff"), an incarcerated individual, commenced this action pursuant to 42 U.S.C. § 1983 based on allegations that his constitutional rights were violated at the Tioga County Jail. *See* Dkt. No. 1. Plaintiff sought and was granted leave to proceed *in forma pauperis*. *See* Dkt. Nos. 5, 7. On August 15, 2024, Plaintiff filed an amended complaint ("Amended Complaint"). *See* Dkt. No. 11. In accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), this Court reviewed the sufficiency of the

claims therein and permitted one claim to proceed: Plaintiff's Fourteenth Amendment failure-to-protect claim against Defendant. *See* Dkt. No. 12.

On December 13, 2024, Defendant filed a motion for summary judgment seeking dismissal of the Amended Complaint. *See* Dkt. No. 18 (the "Motion"). The parties have fully briefed the Motion. *See* Dkt. Nos. 30, 31. This matter was referred to United States Magistrate Judge Daniel J. Stewart, who, on March 31, 2025, issued a Report-Recommendation and Order ("Report-Recommendation"), recommending that the Motion be granted. *See* Dkt. No. 33. Magistrate Judge Stewart advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. at 9.[1] Neither party filed timely objections.

For the reasons stated herein, the Court adopts the recommendations in the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

A district court reviews *de novo* those portions of a magistrate judge's report-recommendations that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alteration in original) (quoting N.D.N.Y. Local Rule 72.1(c)). When a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

error. *O'Diah v. Mawhir*, No. 9:08-CV-322 (TJM)(DRH), 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . .." *Machicote v. Ercole*, No. 06 Civ. 13320 (DAB)(JCF), 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 1:22-cv-567 (BKS/CFH), 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(C).

**III. DISCUSSION**

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Stewart recommended that the Court grant the Motion because Plaintiff did not exhaust his administrative remedies, as required by the Prison Litigation Reform Act. *See*

3

Dkt. No. 33 at 5-9 (citing 42 U.S.C. § 1997e(a)).  Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the recommendations in the Report-Recommendation, Dkt. No. 33, are **ADOPTED** for the reasons stated herein; and the Court further

**ORDERS** that Defendants' motion for summary judgment, Dkt. No. 18, is **GRANTED**; and the Court further

**ORDERS** that the Clerk shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[2]

**IT IS SO ORDERED.**

DATED:   May 23, 2025
         Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.